UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT PATTERSON,

    Plaintiff,

v.                                      Case No.:

GADSDEN COUNTY BOARD
OF COUNTY COMMISSIONERS,
and EDWARD DIXON, in his official
capacity,

    Defendants.

_____/

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, ROBERT PATTERSON, hereby sues Defendants, GADSDEN COUNTY BOARD OF COUNTY COMMISSIONERS, and EDWARD DIXON, in his official capacity, and alleges:

## JURISDICTION

1.    This is an action involving the violation of Plaintiff's federal civil rights and violations of §112.3187, Florida Statutes. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).

2. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interests.

3. At all times pertinent hereto, Plaintiff, ROBERT PATTERSON, has been employed by Defendants.

4. At all times pertinent hereto, Defendant, GADSDEN COUNTY BOARD OF COUNTY COMMISSIONERS, has conducted business in the State of Florida in Gadsden County, Florida.

5. At all times pertinent hereto, Defendant, EDWARD DIXON, has been the County Administrator of Gadsden County, and has been conducting business in the State of Florida in Gadsden County, Florida. He is an official policymaker for the Gadsden County Board of County Commissioners.

## STATEMENT OF FACTS

6. Plaintiff began working for Gadsden County on August 11, 2020 as a Project Manager in the Public Works Department. His supervisor at this time was Lisa Robinson, the Director of Public Works for the County. The Public Works Department is overseen by the County Administrator, who is overseen by Defendant Gadsden County Board of County Commissioners ("GCBCC").

7. Shortly after beginning his employment, Plaintiff became aware of issues that Ms. Robinson had with various individuals employed by Gadsden County. This included allegations of gross mismanagement, malfeasance,

misfeasance, gross waste of public funds, and/or gross neglect of duty. Plaintiff himself eventually complained to the Interim County Administrator, Dr. Grant, that Ms. Robinson failed to do any work related to the hiring of prospective employees who the Department desperately needed as they were grossly understaffed.

8. In October 2020, Dr. Grant, pursuant to his authority as County Administrator, began an official investigation into Ms. Robinson, utilizing an outside law firm to conduct the investigation. On or around October 8, 2020, Plaintiff was interviewed as part of the County's formal investigation into Ms. Robinson and answered all questions honestly and provided all personal knowledge as to the allegations made against her.

9. A few days after his interview in the County's formal investigation into Ms. Robinson, Plaintiff received a phone call from Defendant Edward Dixon, an individual he knew from a local barber shop. Mr. Dixon questioned Plaintiff about the investigation as well as the information he provided to the officials conducting the investigation. Mr. Dixon also called Plaintiff to invite him over to his home to meet with Mr. Dixon and other individuals associated with the County. After Plaintiff declined Mr. Dixon's invitation, Mr. Dixon sent a text message to Plaintiff asking him to "let this thing go."

10. Following the investigation, in late October/early November 2020, Ms. Robinson was terminated from her position and replaced by the former Director of

Public Works, Curtis Young. Shortly after this occurred, on November 19, 2020, a Special Meeting was called by Defendant GCBCC whereby they removed Derrick Elias as the County Administrator and immediately appointed Defendant Dixon into this position.

11. Defendant Dixon worked through a transition period with the Interim Administrator, Dr. Grant, that lasted until early January 2021, when Defendant Dixon assumed the role as the lone County Administrator for Gadsden County. At this time, Dr. Grant approached Plaintiff and warned him that Defendant Dixon did not like Plaintiff due to his participation in the investigation into Ms. Robinson, a friend of Defendant Dixon, and that his job as a Project Manager was likely in jeopardy.

12. A few days later, on January 22, 2021, Defendant Dixon terminated Plaintiff from his position as a Project Manager in the Public Works Department. Defendant Dixon did not provide Plaintiff (who never had any disciplinary or work performance issues) with a reason for his termination.

## COUNT I – FIRST AMENDMENT RETALIATION

13. Paragraphs 1-12 are hereby re-alleged and incorporated by reference as if fully set forth herein.

14. Defendants have deprived Plaintiff of his right to freedom of speech as guaranteed by the First Amendment of the Constitution of the United States.

15. The conduct and actions of Defendants was willful, wanton, and in reckless disregard of Plaintiff's constitutional rights.

16. Defendants are persons under the laws applicable to this action. Defendants are liable, both jointly and severally with each other for their conduct, individually and in concert, to violate the civil rights of Plaintiff under the First Amendments to the United States Constitution.

17. Defendant Dixon, in his official capacity, misused his power, possessed by virtue of state and local law and made possible only because he was clothed with the authority of state and local law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

18. Defendant Dixon participated in the decision to take adverse action against Plaintiff in violation of his First Amendment right to speak freely on matters of public concern. He is liable in his supervisory capacity and/or as the final decisionmaker in the actions taken against Plaintiff that are complained of herein.

19. Defendant Dixon, although appointed, holds a position with final policy-making authority for Defendant GCBCC. He exercised that authority in a way that resulted in the violation of Plaintiff's First Amendment rights. At all times referred to herein, the Defendants acted under color of state law.

20. Defendant GCBCC, by authorizing, condoning, and/or ratifying Defendant Dixon's actions, made the decision the official policy of the County to

retaliate against in Plaintiff's rights under the First Amendment. As such, Defendant GCBCC was also a final decision-maker in the actions taken against Plaintiff that are complained of herein.

21. Defendant GCBCC also failed to implement adequate hiring, training, staffing and supervisory procedures, a direct result of which Plaintiffs' First Amendment rights were violated.

22. Defendant GCBCC is responsible for hiring, training, and supervising other employees and, when necessary, for investigating alleged wrongdoing by persons like Defendant Dixon. At all times referred to herein, this Defendant acted under color of state law.

23. As a direct and proximate result of the Defendants' actions set forth herein, Plaintiff has been injured and have suffered lost wages and other tangible damages, emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with other intangible damages. These damages have occurred in the past and are permanent and continuing.

## COUNT II – WHISTLEBLOWER RETALIATION
## (§112.3187, FLORIDA STATUTES)

24. Paragraphs 1-12 are hereby re-alleged and incorporated by reference as if fully set forth herein.

25. This is an action against Defendants under §112.3187, Florida Statutes. At all times pertinent hereto, Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

26. As stated more specifically, in part, above, Plaintiff disclosed actions or suspected actions of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty committed by an employee to an appropriate local official.

27. Plaintiff was thereafter the victim of retaliation in that his position and responsibilities and privilege of employment were adversely affected as a result of disclosing actions or suspected actions of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty committed by an employee, as specified above.

28. Plaintiff maintains that the actions of Defendants, including agents of Defendants, did so at least in part in retaliation against him for his "whistle blowing" activities.

29. As a direct and proximate result of the actions taken against him by Defendants, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present and will occur in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff including reinstatement;

(c) enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein and placing Plaintiffs into their rightful position within Defendant Gadsden County Board of County Commissioners;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiffs' attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury on all issues set forth herein which are so triable.

Dated this 15th day of June 2021.

                                            Respectfully submitted,

                                            /s/ *Matthew D. MacNamara*
                                            Matthew D. MacNamara (#113002)
                                            SCOTT & WALLACE, LLP
                                            209 E. Brevard Street
                                            Tallahassee, Florida 32301
                                            Telephone: (850) 222-7777
                                            Facsimile: (850) 222-7778
                                            matt@scottandwallacelaw.com
                                            Attorney for Plaintiff